752

*Order*

## Ruch v. York County

*Judson E. Ruch*, for plaintiff.
*Lewis P. Sterling*, for defendants.

ATKINS, P. J., December 5, 1960.—Plaintiff filed his complaint in the above action, to which an answer was subsequently filed by defendants. Then on July 7, 1960, the record shows that a notice was served on defendants pursuant to Pennsylvania Rule of Civil Procedure 4007 that depositions of certain witnesses would be taken, setting forth the purpose of the depositions to be in aid in preparation for the trial of the case.

Thereafter, on July 26, 1960, defendants filed a motion for a protective order, demanding relief as follows:

1. That the scope of the examination be limited to those matters which are the subject matter of the pending action.

2. That the oral examination of all parties shall be held with no one present except parties to the action and their counsel.

3. That discovery sought through the examination of Lewis P. Sterling, county solicitor, be declared privileged as an attorney-client relationship exists.

Plaintiff filed an answer to this motion wherein, with reference to the first objection, plaintiff states:

"The relief sought in Paragraph 1 of defendants' motion should be granted."

The answer denies that defendants are entitled to the relief sought in paragraphs 2 and 3 of their motion.

The case was argued orally before the court, at which time plaintiff advised the court orally that he was not objecting to the third item in defendants' motion, consequently leaving for the consideration of the court only the second item, namely, that no one be present at the time of the taking of depositions except the parties to the action and their counsel.

Protective orders are governed by Pa. R. C. P. 4012. Clause 6 of the rule specifically provides that the court

may direct the examination to be held with no one present except the parties to the action and their counsel.

In a note in 70 A. L. R. 2d, page 751, we find the following statement:

"Only a few cases have involved applications to limit the persons present at an oral deposition, and upon showing a valid reason for the request, the courts generally have granted the request for privacy."

There are two cases in Pennsylvania wherein this question has been considered.

In Geer v. Martsolf, 7 D. & C. 2d 696, Judge Sohn granted the request that the depositions be taken with no one present except counsel and the parties and, of course, the witness testifying.

In Knauer v. Dilworth, 5 D. & C. 2d 642, a newspaper attempted to intervene in the case. It does not appear whether the newspaper wished to intervene solely for the purpose of gaining access to the place where the depositions were taken or whether the intervention sought was for a broader purpose. In any event, the court denied the right to intervene and also denied the right of the newspaper to be present at the taking of the depositions. There the paper contended that it had a constitutional right, because it was a newspaper, to be present. The court, of course, held that there was no such constitutional right and went on to say: "If there is such an unqualified right, of which we entertain serious doubt, we feel certain that it would not extend to the point that a news reporter, or any member of the general public, may demand admittance to a lawyer's office during the taking of pretrial depositions."

In the instant case, the place suggested for the taking of depositions is the grand jury room in the court house. This, of course, is a public room, except when the grand jury is sitting therein, but we see no reason why the rights of parties should be in any way deter-

mined by the locale of the taking of the depositions. If this were at the trial of the case, there would be no question that it would be public and any member of the public would be admitted. However, here the information sought by plaintiff is simply material to aid him as an individual in the preparation of his own case for ultimate trial in a court.

We see no reason to deviate from the doctrine expressed in the Geer case and the Knauer case, both supra.

We have read the complaint included in the record in this case, and it would appear that certain of the information apparently intended to be sought from some of the witnesses, whose names are set forth in the notice for the taking of depositions, would have little or no bearing on the allegations in the complaint. Of course, this is not before the court at this time, but certainly the depositions should not go beyond the scope of the complaint.

We, therefore, enter this order:

And now, to wit, December 5, 1960, at 10 a.m., it is ordered, adjudged and decreed that the oral examination of all parties and witnesses shall be held with no one present except the parties to the action and their counsel and, of course, the witness being interrogated.